IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**FREDERICK L. ALLMAN**,

    Plaintiff,

v.

**UNITED STATES DEPARTMENT OF JUSTICE**, et al.,

    Defendants.

Case No. 3:20-cv-00665-IM
3:20-cv-00675-IM

**ORDER OF DISMISSAL**

**IMMERGUT, District Judge.**

Plaintiff Frederick L. Allman ("Allman"), a self-represented individual in custody at the Sterling Correctional Facility in Sterling, Colorado, brings this consolidated civil rights action[1] against numerous parties. The Court previously granted Allman leave to proceed *in forma pauperis*. For the reasons that follow, Allman's Complaint is DISMISSED.

---

[1] On August 12, 2020, the Court consolidated these actions, which both appear to arise out of Allman's previous prosecution in the District of Oregon, to further judicial economy.

PAGE 1 – ORDER OF DISMISSAL

## STANDARDS

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). Allman is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that documents filed by a self-represented litigant must be liberally construed, and a self-represented litigant's complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers'").

## DISCUSSION

I.   **The Complaints**

Allman brings this action against numerous defendants, including: (1) the United States Department of Justice; (2) the United States Attorney General, William P. Barr; (3) the Director of the United States Trustee Program, Clifford J. White III; (4) the United States Attorney for the District of Oregon, Billy J. Williams; (5) Assistant United States Trustee, Stephen P. Arnot; (6) former United States Attorney for the District of Oregon, S. Amanda Marshall; (7) former Assistant United States Trustee, Pamela Griffith; (8) Assistant United States Attorney Michelle H. Kerin; (9) Investigator for the United States Attorney's Office ("USAO") for the District of

PAGE 2 – ORDER OF DISMISSAL

Oregon, Joseph LaMonica; (10) Attorney M. Vivienne Popperl; (11) former Bankruptcy Trustee Peter C. McKittrick; (12) Bankruptcy Trustee Kenneth S. Eisler; (13) former United States Bankruptcy Judge for the District of Oregon, the Honorable Elizabeth L. Perris; (14) Paralegal Cynthia Morris; (15) Attorney Montgomery W. Cobb; (16) Attorney Eric M. Bosse; (17) "Professional Agent" of the United States Trustee, Tracey S. Baron; (18) "Professional Agent" of the United States Trustee; (19) Kimberly Arden; (20) Unknown Professional Liability Fund and/or Fiduciary Surety Bond for USAO; and (21) Unknown Fiduciary Liability and Surety Bond for the United States Trustee for the District of Oregon (collectively, "Defendants").

Against these various defendants, Allman brings a total of twenty-two claims, all of which allegedly arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"); 42 U.S.C. § 1983 ("section 1983"); 42 U.S.C. § 1985 ; 42 U.S.C. § 1986; the Federal Tort Claims Act, 28 U.S.C. § 1346; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1964. To support these claims, the Complaints (Case No. 3:20-cv-00665-IM, ECF No. 2; Case No. 3:20-cv-00675-IM, ECF No. 2) simply set forth a list of source materials that allegedly establish the underlying facts of this case, including previous court cases in multiple jurisdictions; depositions of various parties; letters; investigative materials and reports in unrelated actions; and transcripts of grand jury testimony. The Complaints do not include any attachments or otherwise identify the relevant portions of the materials listed, but apparently incorporate the substance of each by reference. Additionally, the Complaints do not indicate which claims apply to which defendants, nor do they plainly state the factual allegations supporting such claims with respect to each defendant.

PAGE 3 – ORDER OF DISMISSAL

The Complaints are difficult to follow, but appear to summarize the allegations as follows: In 2008, Allman was party to bankruptcy proceedings that resulted in the seizure of his assets worth millions of dollars. Those assets were used in a "ponzi scheme" allegedly orchestrated by the United States Trustee's Office for the District of Oregon. In 2013, Defendants brought a criminal case against Allman in the District of Oregon as part of a conspiracy to cause him harm and to conceal the alleged ponzi scheme. The USAO ultimately dismissed the charges against Allman in 2018. Allman seeks the return of the assets allegedly seized and withheld in 2008, or their financial equivalent; all manner of damages; and declaratory and injunctive relief.

## II.     Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure ("Rule") 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and instructs that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(a)(2), 8(d)(1). A "claim" is "the aggregate of operative facts which give rise to a right enforceable in the courts." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000) (internal quotations omitted). Compliance with Rule 8 therefore requires a plaintiff to plead a short and plain statement "identifying the transaction[s] or occurrence[s] giving rise to the claims and the elements of a prima facie case" for each claim alleged. *Id.*; *see also Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (noting that Rule 8 requires that the complaint give "'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests'"); *Grindling v. Martone*, No. CIV. 12-00361 LEK, 2012 WL 3011748, at *2 (D. Haw. July 20, 2012) (noting that despite the Rules' flexible pleading policy, "a complaint must give fair notice and state the elements of the claim plainly and succinctly"); *but see Iqbal*, 556 U.S. at 678 (emphasizing that Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," and therefore a pleading "that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Rules therefore contemplate "simplicity and brevity of statement" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (citing FED. R. CIV. P. 84). Indeed, "[t]he court (and any defendant) should be able to read and understand [the plaintiff's] pleading within minutes" *Little v. Baca*, No. CV 13-0373 PA (RZ), 2013 WL 436018, at *2 (C.D. Cal. Feb. 1, 2013) (citing *McHenry*, 84 F.3d at 1177) (emphasis omitted). "Thus, a plaintiff must not include in the pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like." *Olson v. Hornbrook Cmty Servs. Dist.*, No. 2:15-cv-0646-MCE-CMK, 2016 WL 3126120, at *2 (E.D. Cal. June 2, 2016). A complaint that fails to set forth a "short and plain statement" of the claims at issue may be dismissed for failing to satisfy the requirements of Rule 8(a). *See*, *e.g.*, *McHenry*, 84 F.3d at 1177–80 (upholding district court's Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that a complaint that is "verbose, confusing, and almost entirely conclusory" violates Rule 8).

Here, Allman has filed two Complaints that bring twenty-two claims against twenty-one Defendants. Rather than providing specific factual allegations against each named defendant, the Complaints direct the Court to refer to "the judicial records and discovery in United States District [C]ourt Case No. 3:13-CR-0559-HZ," "court documents filed in United States District Court Case No. 2:15-CV-0755-DS," and "the judicial records of Boulder County District Court Case No. 2014CR0551." The Court thus would be required to comb through the records of multiple cases to fully understand the factual bases of Allman's claims, and to decipher how each claim relates

PAGE 5 – ORDER OF DISMISSAL

to each individual defendant. Although *pro se* complaints are afforded liberal construction, the Court is not obligated to sift through the various materials referenced in Allman's Complaints "to determine if some nugget is buried somewhere . . . waiting to be unearthed and refined into a cognizable claim." *Patton v. Flores*, 2019 WL 2373551, at *3 (S.D. Cal. June 5, 2019) (quoting *Samtani v. City of Laredo*, 274 F. Supp. 3d 695, 698 (S.D. Texas 2017)); *cf. Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (noting that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

Moreover, the Complaints simply list the claims without any indication of which defendants he targets with each specific claim, or the underlying law on which each claim is based. Although the Complaints include separate sections for each Defendant under the heading "personal involvement," the allegations set forth in those sections are generally identical amongst all Defendants, mostly consist of legal conclusions, and largely leave it to the Court to divine what claims are alleged, the law upon which such claims are based, and the facts giving rise to such claims with respect to each Defendant. The Court cannot and will not do so.

In sum, the Complaints are vague, confusing, repetitive, and conclusory, and fail to include a short and plain statement that concisely explains the claims leveled against each defendant. Far from the simplicity and brevity contemplated by the Rules, Allman's Complaints are a confusing jumble of references to outside materials that are impossible to understand and would likely not allow Defendants to formulate an adequate response. Because they fail to satisfy the requirements of Rule 8(a)(2), the Complaints are DISMISSED.

///

///

///

## CONCLUSION

Based on the foregoing, the Court DISMISSES Allman's Complaints (ECF No. 2) for failure to satisfy Rule 8(a). Allman may file an amended complaint, within thirty days of the date of this Order, consolidating his claims into a single pleading and curing the deficiencies noted above. Allman is advised that the amended complaint will operate as a complete substitute for the present complaints, not as a supplement. Allman is cautioned that if he does not file an amended complaint, this action will be dismissed.

**IT IS SO ORDERED.**

DATED this 14th day of August, 2020.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge